IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00561-REB-MEH

BEVERLY KENNEDY, an individual resident of the State of Colorado,
BROOKE KENNEDY, an individual resident of the State of Colorado, and
KENNEDY FARMS, LLC, a Colorado limited liability company,

       Plaintiffs,

v.

MICHAEL MCCORMICK, an individual resident of the State of Texas d/b/a MTM Farm,
ROBERT BARBER, D.V.M., an individual resident of the State of Florida d/b/a Laurel Lane
Equine Center, and
LAWRENCE WEXLER, D.V.M., an individual resident of the State of Florida,

       Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

       Pending before the Court is Defendant Michael McCormick's Opposed Combined Motion for Protective Order and Stay of Discovery and All Proceedings in Light of Recommendation of Dismissal [filed December 19, 2012; docket #60]. Defendants Lawrence Wexler and Robert Barber join the motion. (Docket #62.) Although given an opportunity to do so, Plaintiffs have not filed a response. Based on Defendants' Motion and Joinder, and in the absence of any specific opposition, the Court finds that oral argument would not materially assist its adjudication of this matter. For the reasons that follow, the Motion is **GRANTED**.

## I.    Background

       Plaintiffs Beverly Kennedy and Kennedy Farms initiated this action in diversity on March 2, 2011, pursuant to 28 U.S.C. § 1332. (Docket #1, 3.) The case arises from the sale and inspection of MTM Waffle ("Waffle"), a horse Plaintiffs purchased from Defendant McCormick. The initial

complaint asserts six claims against Defendant McCormick for various breaches of duty and contract, and asserts one claim against Defendants Barber and Wexler for veterinary malpractice. (*Id.* at 6-13.) In response, Defendant McCormick and Defendants Barber and Wexler each filed motions to dismiss pursuant to Rule 12(b)(2). (Dockets ##17, 18.) Beverly Kennedy and Kennedy Farms filed corresponding opposition briefs [dockets ##23, 24], and both sets of Defendants submitted replies [dockets ##31, 36]. After the motions were fully briefed, Plaintiffs filed a timely motion to amend their complaint to add Brooke Kennedy as a plaintiff due to her status as a co-owner of Waffle. (Docket #46, 3.) The Court granted Plaintiffs' motion and entered Plaintiffs' Amended Complaint as filed. (Dockets ##48, 49.) Shortly thereafter, Judge Blackburn denied Defendants' motions to dismiss as moot. (Docket #53.)

Because Plaintiffs' Amended Complaint did not alter the substance of Defendants' motions, Defendants renewed their respective requests to dismiss pursuant to Rule 12(b)(2) on October 23, 2012. (Dockets ##50, 51.) Defendants' renewed motions to dismiss incorporated their previous arguments, as did Plaintiffs' responses thereto. Upon review of the briefing, the Court found that Plaintiffs had failed to demonstrate personal jurisdiction with respect to any of the Defendants. (Docket #58.) Thus, the Court recommended that Defendants be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). (*Id.*)

Defendant McCormick filed the present Motion seeking a stay of all proceedings through and including Judge Blackburn's ruling on the pending recommendation. As noted above, Defendants Wexler and Barber filed a Joinder on December 21, 2012. (Docket #62.) Pursuant to D.C. Colo. LCivR 7.1C, Plaintiffs' response was due on or before January 9, 2013. As of this date, Plaintiffs have filed no response, nor requested an extension of time within which to do so.

## II.      Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendants seek protection from the burdens and expenses of discovery at this stage in the litigation.

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). While a stay may be appropriate if the "resolution of a preliminary motion may dispose of the entire action" (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted), the Court is reluctant to impose an indefinite stay of proceedings pending resolution of motions that leave open the possibility of future litigation. *See Chavez*, 2007 WL 683973 at *3.

In determining whether a stay is appropriate, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Weighing the factors set forth in *String Cheese Incident* for determining the propriety of an indefinite stay, this Court finds that a stay is appropriate in this case.

Beginning with the first *String Cheese* factor, it is admittedly difficult to assess Plaintiffs' interests when Plaintiffs have filed no response. Like any litigant, Plaintiffs have a general interest in proceeding expeditiously with their claims and in avoiding unnecessary delay. *See String Cheese*

*Incident, LLC*, 2006 WL 89455 at \*2.   The Court, however, is reluctant to find particular prejudice on Plaintiffs' behalf in the absence of Plaintiffs' own assertion thereof.   Thus, while Plaintiffs may face some disadvantages arising naturally from any delay, Plaintiffs' silence indicates that the cost of such delay will not be inordinate or unduly burdensome.   The first factor weighs in favor of a stay.

The second factor *String Cheese* examines is the burden on Defendants if the parties are required to proceed with discovery while the motions to dismiss remain pending.   Although Defendants concede that the motions to dismiss may not dispose of Plaintiffs' claims in their entirety, Defendants provide several reasons why continuing with discovery would be inefficient and unwise.   First, Defendants assert that if the case is dismissed without prejudice and re-filed in a different forum, Defendants would retain new counsel to represent them.   According to Defendants, conducting discovery in this forum through their current attorneys could prejudice Defendants insofar as their new counsel would be denied the opportunity to request and respond to discovery as they see fit.   Likewise, Defendants argue that continuing with the litigation in this forum would impact their selection and retention of experts.   If the case is dismissed and re-filed in a different forum, Defendants believe they will need to find new experts.   Not surprisingly, Defendants wish to avoid this expense.

Although the Court observes that discovery will likely be necessary regardless of Judge Blackburn's ruling, the Court is persuaded that the tactical differences of counsel and the expense of designating experts could prejudice Defendants if discovery continues and the case is ultimately dismissed.   On balance, the Court finds that any potential harm to Plaintiffs is outweighed by the burden on Defendants resulting from preparing experts and conducting and responding to discovery while the motions to dismiss are pending.

The third factor weighs slightly in favor of a stay.  If the motions to dismiss are granted, the case will be fully resolved in this jurisdiction; thus, staying the matter furthers the interests of judicial economy and efficiency.  Additionally, consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position.  The Court does not perceive any impact on the interests of non-parties or the public from a  stay of discovery in this case.

Because factors one, two, and three weigh in favor of a stay, and factors four and five do not affect the balance, the Court finds that a stay of the proceedings is appropriate.

**III.    Conclusion**

As noted above, Defendants seek protection from the burdens of discovery through a stay of proceedings pending a ruling from Judge Blackburn on their motions to dismiss.  The Court finds that Defendants have demonstrated good cause for such an order.  Therefore, Defendant Michael McCormick's Opposed Combined Motion for Protective Order and Stay of Discovery and All Proceedings in Light of Recommendation of Dismissal [filed December 19, 2012; docket #60] is **GRANTED** and all discovery and proceedings shall be stayed until further order of the Court. The parties shall file a status report *within three business days* of receiving a ruling on the motions to dismiss.

Dated at Denver, Colorado, this 14th day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge